UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | | |
|---|---|---|---|
| TIMOTHY WAYNE CLOYD, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 2:18-CV-00156 |
| | ) | | REEVES/CORKER |
| CENTURION HEALTH CARE, | ) | | |
| DANIEL MILLER, BETH MORLEY, | ) | | |
| GEORGIA CROWELL, DR. | ) | | |
| GRAYSON, and KEVIN HAMPTON, | ) | | |
| | ) | | |
| Defendants. | ) | | |

## MEMORANDUM OPINION

This is a pro se prisoner's complaint filed pursuant to 42 U.S.C. § 1983 that was removed to this Court from the Johnson County Circuit Court on September 14, 2018 [Doc. 1]. Now before the Court is Defendant Hampton's motion to dismiss this action for lack of prosecution [Doc. 11]. In this motion, Defendant Hampton notes that Plaintiff has not filed any document in this case since it was removed to this Court, has not responded to his or Defendant Crowell's pending motions to dismiss for failure to state a claim [Docs. 6 and 7], and has not updated his address with the Court despite the Court sending him a notice setting forth the address change requirement [Doc. 3], Plaintiff being released on parole on or about January 24, 2019, and Plaintiff's sentence with the Tennessee Department of Correction expiring on March 23, 2019 [Doc. 11-2]. Defendant Hampton also notes that the United States Postal Service returned his motion to dismiss as undeliverable on or about June 17, 2019 [Doc. 11-1]. For the reasons set forth below, Defendant Hampton's motion to dismiss [Doc. 11] will be **GRANTED** and this action will be **DISMISSED** for want of prosecution.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to respond to the motions to dismiss and/or update his address with the Court is due to Plaintiff's willfulness and/or fault. Specifically, it appears that Plaintiff received the Clerk's notice which provides that "[i]t is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently" and that failure to provide such a notice within fourteen days of the change of address may result in dismissal of the case [Doc. 3 p. 1], but chose not to comply therewith. As such, the first factor weighs in favor of dismissal.

As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's order has not prejudiced Defendants.

As to the third factor, the Court warned Plaintiff that the Court would dismiss this case if he failed to update his address in a timely manner [Doc. 11 p. 1].

Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective. Plaintiff was a prisoner when he filed this case, no home or permanent address for Plaintiff appears in any document in the record, and Plaintiff is not responding to motions or otherwise communicating with the Court.

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of Plaintiff's action pursuant to Rule 41(b).

The Court **CERTIFIES** that any appeal from this order would not be taken in good faith.

**AN APPROPRIATE ORDER WILL ENTER.**

**SO ORDERED**.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**